# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES E. CHRONISTER,**

    **Plaintiff,**

**v.**                                                           **Case No: 6:12-cv-1184-Orl-31DAB**

**INTUITIVE SURGICAL, INC.,**

    **Defendant.**

## ORDER

The Plaintiff filed this products liability case in state court on March 12, 2012, and it was removed to this Court on August 1, 2012. (Doc. 1). Pursuant to this Court's Case Management and Scheduling Order (Doc. 17), Plaintiff's disclosure of expert reports was due May 31, 2013. Two weeks prior to that deadline, Plaintiff filed a motion to extend the pretrial deadlines (Doc. 22) by six months. The Court denied that motion because it was obvious that Plaintiff's counsel had not acted diligently in the prosecution of this case. (Doc. 23).[1]

On May 31, 2013, Plaintiff filed his expert disclosure reports. Defendant has moved to strike those reports as non-compliant with Fed.R.Civ.P. 26(a)(2)(B). (Doc. 26). In his response (Doc. 33), the Plaintiff does not contest the substantive inadequacy of the reports.[2] Rather, Plaintiff seeks to excuse his neglect (or that of his counsel) by blaming defense counsel for failing to produce pertinent documents, "thereby preventing the Plaintiff from providing [those

---

[1] It appears that Plaintiff's counsel, who filed notices of appearance (Doc. 20, 21) on April1 15, 2013, took the case knowing that they could not meet the pending deadlines (Doc. 33).

[2] They are patently deficient, with most consisting only of CVs and fee schedules -- without any actual opinions.

documents] to their potential expert witnesses so that they could properly prepare their reports." (Doc. 33 at 2).  However, the Case Management and Scheduling Order set October 1, 2012 as the deadline for Rule 26 disclosures.  Plaintiff did not seek any documents or complain about their absence until the filing of a motion to compel (Doc. 32) on June 24, 2013, three weeks after the expert reports were due.[3]  Indeed, Plaintiff's counsel concedes that he did not discover that the Defendant had (allegedly) failed to comply with its Rule 26 disclosure obligations until after the May 16, 2013 denial of Plaintiff's motion to extend time.  (Doc. 33 at 4).  Thus, the purported deficiency in Defendant's production is clearly a pretext to excuse a lack of diligence.  It does not constitute good cause for filing insufficient expert reports.  It is, therefore

**ORDERED** that Defendant's Motion (Doc. 26) is **GRANTED**, and the expert disclosures submitted by Plaintiff are hereby **STRICKEN**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 15, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] Defendant disputes the allegations that its disclosures were insufficient.  (Doc. 35).